UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     vs.<br><br>MICHAEL PREM,<br><br>                    Defendant. | CR NO. 17-00490 LEK |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (COMPASSIONATE RELEASE)**

Defendant Michael Prem ("Prem") files the instant
motion for compassionate release or reduction of sentence.
[Motion to Reduce Sentence Pursuant to 18 U.S.C.
§ 3582(c)(1)(A)(i) (Compassionate Release) ("Motion"), filed
10/30/20 (dkt. no. 50).]  Plaintiff the United States of America
("the Government") filed its opposition to the Motion on
November 13, 2020.  [Government's Opposition to Defendant's
Motion to Reduce Sentence Pursuant to 18 U.S.C.
§ 3582(c)(1)(A)(i) (Compassionate Release) ("Opposition"), filed
11/13/20 (dkt. no. 55).]  Prem filed a reply memorandum on
November 24, 2020.  [Defendant's Reply to the Government's
Opposition ("Reply"), filed 11/24/20 (dkt. no. 56).]

Prem seeks sentence reduction and compassionate
release pursuant 18 U.S.C. § 3582(c)(1)(A)(i).  He is currently

housed in Federal Bureau of Prisons ("BOP") custody at Medical

Center for Federal Prisoners Springfield ("MCFP Springfield") in

Springfield, Missouri, and has a projected release date of

August 28, 2022.  BOP, Find an inmate,

https://www.bop.gov/inmateloc (last visited Feb. 19, 2021).

For the reasons stated below, Prem's Motion pursuant

to 18 U.S.C. § 3582(c)(1)(A)(i) is hereby denied.

## BACKGROUND

Prem was indicted in the District of Hawai`i on

August 30, 2017.  [Indictment, filed 8/30/17 (dkt. no. 12).]  He

entered a guilty plea as to Count 1 of the Indictment on

February 14, 2018.  [Court Minutes, filed 2/14/18 (dkt.

no. 30).]  Prem was sentenced on October 1, 2018 to 70 months of

incarceration as to Count 1 of the Indictment, and 5 years of

supervised release.  [Judgment in a Criminal Case, filed 10/2/18

(dkt no. 48), at 2-3.]

## DISCUSSION

I.   **Extraordinary and Compelling Reasons**

18 U.S.C. § 3582(c)(1)(A)(i) authorizes and permits

modification of a sentence where a movant can first demonstrate

both exhaustion of administrative remedies and that

"extraordinary and compelling reasons" exist to warrant sentence

reduction.  Putting aside the requirement of exhaustion of

administrative remedies and focusing first on the other

2

requirement:   a sentence reduction is only permitted where there

are "extraordinary and compelling reasons," and if "such a

reduction is consistent with applicable policy statements issued

by the Sentencing Commission."   Section 3582(c)(1)(A)(i).

> Congress never defined the term "extraordinary
> and compelling reasons," except to state that
> "[r]ehabilitation . . . alone" does not suffice.
> 18 U.S.C. § 944(t) [sic].   Rather, Congress
> directed the Sentencing Commission to define the
> term.   The Commission did so prior to the passage
> of the First Step Act, which amended
> section 3852(c)(1)(A) to allow prisoners to
> directly petition courts for compassionate
> release and removed the BOP's exclusive
> 'gatekeeper' role.   See United States v.
> Rodriguez, No. 2:03-cr-00271, 2020 WL 1627331, at
> *2 (E.D. Pa. Apr. 1, 2020).

United States v. McCarthy, 453 F. Supp. 3d 520, 526 (D. Conn.

2020) (some alterations in McCarthy).

The Sentencing Commission does indeed provide, in

pertinent part, the requisite guidance:

> [T]he court may reduce a term of imprisonment
> (and may impose a term of supervised release with
> or without conditions that does not exceed the
> unserved portion of the original term of
> imprisonment) if, after considering the factors
> set forth in 18 U.S.C. § 3553(a), to the extent
> . . . applicable, the court determines that–
>
>> (1)(A) extraordinary and compelling reasons
>> warrant the reduction; . . .
>>
>> (2)  the defendant is not a danger to the
>> safety of any other person or to the
>> community, as provided in 18 U.S.C.
>> § 3142(g); and

3

(3)   the reduction is consistent with this
policy statement.

United States Sentencing Commission Guidelines Manual

("U.S.S.G.") § 1B1.13.   The Commission defined "extraordinary

and compelling" with three specific qualifying reasons in the

Application Notes to section 1B1.13.   The one applicable here

is:

(A)   Medical Condition of the Defendant.

(i)   The defendant is suffering from a
terminal illness (*i.e.,* a serious and
advanced illness with an end of life
trajectory).   A specific prognosis of life
expectancy . . . is not required. . . .

(ii) The defendant is-

(I)   suffering from a serious physical
or medical condition . . .

that substantially diminishes the ability of
the defendant to provide self-care within
the environment of a correctional facility
and from which he or she is not expected to
recover.

U.S.S.G. § 1B1.13, cmt. n.1.

In sum, if Prem has a known risk factor (such as a

medical condition recognized by medical authorities as placing

him at risk for severe illness or death if he contracts

COVID-19), then he would suffer from a serious medical condition

that diminishes his ability to provide self-care in a

correctional facility and from which he is not expected to

recover because he would be dead, have more serious long-term

4

complications, or have persistent symptoms following recovery

after contracting COVID-19.  The Centers for Disease Control and

Prevention ("CDC") recognizes that

> [m]ore serious long-term complications appear to
> be less common but have been reported.  These
> have been noted to affect different organ systems
> in the body.  These include:
>
> - Cardiovascular: inflammation of the heart
>   muscle
> - Respiratory: lung function abnormalities
> - Renal: acute kidney injury
> - Dermatologic: rash, hair loss
> - Neurological: smell and taste problems,
>   sleep issues, difficulty with
>   concentration, memory problems
> - Psychiatric: depression, anxiety, changes
>   in mood

CDC, Long-Term Effects of COVID-19,

https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects.html

(last visited Feb. 19, 2021).

The law requires a specific finding of "extraordinary

and compelling reasons."  The coronavirus is rampant throughout

the United States, both in prison settings (such as BOP) and the

community at large.  Despite any precautions and care that BOP

claims to be taking, this potentially lethal virus has been

clearly present and active at MCFP Springfield because BOP

reports that 388 inmates have been infected and have recovered

from COVID-19, 18 inmates have died from COVID-19, 242 staff

members have been infected and have recovered from COVID-19, and

currently one inmate and five staff members are infected with

5

COVID-19.  BOP, COVID-19 Coronavirus, COVID-19 Cases,

https://www.bop.gov/coronavirus (last visited Feb. 19, 2021).

> The CDC currently identifies these specific medical

conditions as placing adults of any age at increased risk of

severe illness from the COVID-19 virus:

- Cancer
- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Down Syndrome
- Heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
- Immunocompromised state (weakened immune system) from solid organ transplant
- Obesity (body mass index [BMI] of 30 kg/m$^2$ or higher but < 40 kg/m$^2$)
- Severe Obesity (BMI ≥ 40 kg/m$^2$)
- Pregnancy
- Sickle cell disease
- Smoking
- Type 2 diabetes mellitus[.]

CDC, People with Certain Medical Conditions,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html (last visited

Feb. 19, 2021).  Prem has kidney failure from chronic kidney

disease and requires regular dialysis treatment.  See, e.g.,

Sealed Exhibit "A" to Defendant Michael Prem's Motion to Reduce

Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate

Release), filed 10/30/20 (dkt. no. 53), at PageID #: 896 (MCFP

Springfield Nephrology Consultation, dated 8/6/20); id. at

PageID #: 898 (MCFP Springfield Hemodialysis Treatment Flow

Sheet, dated 8/18/20).  The Court thus concludes that Prem has

at least one condition that is a risk factor recognized by the CDC as placing him at increased risk of severe illness in the event he contracts COVID-19.  It therefore makes the specific finding that "extraordinary and compelling reasons" exist for Prem.

## II. Other Considerations

The Court next needs to address the two other determinations for granting reduction of imprisonment.

In addition to finding that an extraordinary and compelling reason exists, two other determinations must be made if the Court is to grant a reduction of Prem's term of imprisonment and "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment" – these are: "the defendant is not a danger to the safety of any other person or the community," and consideration of "the factors set forth in section 3553(a)."  Section 3582(c)(1)(A); U.S.S.G. § 1B1.13. Prem has served almost the entirety of his incarceration sentence – originally sentenced to 70 months of incarceration; he is currently scheduled to be released in approximately 18 months on August 28, 2022.  This factor favors a finding that he is not a danger to the community.  He has been convicted of serious and dangerous offenses: at age 21, he was convicted of a state crime of violence (Terroristic Threatening in the Second

Degree).  [Presentence Investigation Report (2), filed under seal 9/21/18 (dkt. no. 45), at ¶ 35.]  In the instant matter, he was convicted of a crime which involves distribution of methamphetamine, a substance that has and continues to harm our community.  This factor disfavors a finding that he is not a danger to the community.  Most importantly, Prem has a poor history of compliance with conditions of release.  His probation was revoked in the state crime conviction for violation of conditions, including drug treatment, [id.,] and his pretrial release was revoked in the instant matter on September 14, 2018, [Minutes, filed 9/14/18 (dkt. no. 44)].  Based on these factors, the Court concludes that Prem is unlikely to comply with appropriate conditions of supervised release and thus is a danger to the safety of others or to the community.  The Court thus need not examine the section 3553(a) factors and denies the Motion.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

For the foregoing reasons, Prem's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), filed October 30, 2020, is HEREBY DENIED.

IT IS SO ORDERED.

8

DATED AT HONOLULU, HAWAII, February 22, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. MICHAEL PREM; CR 17-00490 LEK; ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §
3582(c)(1)(A)(i) (COMPASSIONATE RELEASE)