UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL PREM,<br><br>　　　　　Defendant. | CR NO. 17-00490 LEK |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § (C)(1)(A)(I) (COMPASSIONATE RELEASE), [FILED 10/30/20 (DKT. NO. 50),] AS SUPPLEMENTED, [SUPPLEMENTAL BRIEFING, FILED 10/12/21 (DKT. NO. 69)]**

Defendant Michael Prem ("Prem") seeks sentence reduction and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), filed 10/30/20 (dkt. no. 50) ("Motion"). The Motion was denied on February 22, 2021. See Order Denying Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), filed 2/22/21 (dkt. no. 60) ("2/22 Order"). Prem filed his notice of appeal on February 23, 2021. See Notice of Appeal, filed 2/23/21 (dkt. no. 61). The 2/22 Order was vacated and remanded on July 28, 2021, see Memorandum of the United States Court of Appeals for the Ninth Circuit, filed 7/28/21 (dkt. no. 66) ("Ninth Circuit Decision"), and the mandate was filed on August 19, 2021, see

Mandate of the United States Court of Appeals for the Ninth Circuit, filed 8/19/21 (dkt. no. 67).  Prem is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Residential Reentry Management field office in Sacramento, California, and his projected date of release is August 28, 2022.  Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited July 29, 2022).

For the reasons stated below, Prem's Motion is hereby denied.

**BACKGROUND**

The facts of this matter are set forth fully in the 2/22 Order and do not bear repeating here.  On October 12, 2021, following the remand of the 2/22 Order, Prem filed his Supplemental Briefing ("Mem. in Supp.").  See Mem. in Supp., filed 10/12/21 (dkt. no. 69).

Prem submits that he has "completed the BOP's 500-hour RDAP program[,]" and that "[h]is behavioral record also remains unblemished, in that he has not received a single write up . . . during [his entire] incarceration."  [Id. at 7-8 (citing Mem. in Supp., Decl. of Counsel).]  He "received the Johnson and Johnson COVID-19 vaccine on June 9, 2021."  [Id. at 2 (citations omitted).]  Prem seeks sentence reduction to time served because of the medical conditions that he previously raised and that the Court considered in the 2/22 Order as well as new medical

2

conditions, including a heart murmur and receiving "a blood transfusion due to his anemia and low hemoglobin levels." [Id. at 6-7 (citations omitted).] Additionally, Prem submits that, because the law has changed since he received his sentence, and if sentenced today, he would be safety-valve eligible under 18 U.S.C. § 3553(f), this change in law is an appropriate basis to find that extraordinary and compelling reasons exist for release. [Id. at 8-9 & n.2 (citing United States v. Aruda, 993 F.3d 797, 801 (9th Cir. 2021)).]

Prem is currently residing in a residential reentry community center (and not incarcerated in a prison) and this is an important step to assist him with appropriate skills and planning prior to reentering our community, and to protect our community from any potential danger from criminal thinking and action by him after his release from custody.

Plaintiff United States of America ("the Government") opposes sentence reduction and submits that "the same factors that the Court considered in finding that Prem posed a danger to the community also support a finding that the 18 U.S.C. § 3553(a) factors weight against release." [Government's Supplemental Memorandum in Opposition to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release [Dkt. No. 50], filed 10/15/21 (dkt. no. 72) ("Mem. in Opp."), at 7.]

**DISCUSSION**

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced. Dillon v. United States, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (quoting 18 U.S.C. § 3582(c)). As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence. A reduction of Prem's sentence is only permitted if there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See § 3582(c)(1)(A)(i). The key term "extraordinary and compelling reasons" was not, however, defined. See United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). The Sentencing Commission does provide guidance in its policy statement as to considerations for finding "extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1. However, this statement has not been updated "since the First Step Act amended § 3582(c)(1)(A)." Aruda, 993 F.3d at 800. Thus, "[t]he Sentencing Commission's statements in

4

U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. at 802 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

On appeal, the Ninth Circuit determined in the instant matter that

> remand is warranted for the district court to reassess Prem's motion for compassionate release under the standard set forth in United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021) ("[T]he current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal quotation marks and alteration omitted)). Accordingly, we vacate the district court's order denying Prem's motion and remand for further proceedings. See id.

[Ninth Circuit Decision at 2.]

The Court adopts its findings set forth in the 2/22 Order and concludes that Prem does have serious medical conditions and thus sufficient risk factors to indicate that he would suffer severe illness or death should he contract COVID-19 but that the severity of that risk is mitigated because, since the 2/22 Order was filed, he has been fully vaccinated against COVID-19. The disparity between Prem's foreclosure from safety-valve eligibility at the time of sentencing and his eligibility for safety-valve application if sentenced today under the First Step Act is a significant factor in his favor. As to assessment of danger to the community, the Court's conclusion remains

5

unchanged for the same reasons stated in the 2/22 Order.  On balance of all considerations and largely because Prem has been transferred to a residential reentry community center and will be released from custody in approximately 30 days, the Court denies the Motion.

In exercising its discretion in ruling on the Motion, the Court has taken into consideration the factors set forth in U.S.S.G. § 1B1.13 but, as explained more fully in Aruda, it does not find the United States Sentencing Commission's statements as binding upon it in reaching its decision that Prem does not present extraordinary and compelling reasons to support his early release.  Accordingly, the Motion is denied.

## CONCLUSION

For the foregoing reasons, Prem's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), filed October 30, 2020 and supplemented on October 12, 2021, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA V. MICHAEL PREM; CR 17-00490 LEK; ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § (C)(1)(A)(I) (COMPASSIONATE RELEASE), [FILED 10/30/20 (DKT. NO. 50),] AS SUPPLEMENTED, [SUPPLEMENTAL BRIEFING, FILED 10/12/21 (DKT. NO. 69)